## In re MAR–BEL CABINETS, INC., Debtor.

### Bankruptcy No. 88–269–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 26, 1988.

Russell Blain, Tampa, Fla., for debtor.

Robert Eddy, Tampa, Fla., for movant.

## ORDER ON MOTION FOR ADEQUATE PROTECTION

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Adequate Protection filed by NCNB National Bank of Florida (NCNB). The Court has considered the Motion, together with the record, heard argument of counsel, and finds the pertinent facts to be as follows:

On February 6, 1985, the Debtor, Mar–Bel Cabinets, Inc., executed a promissory note in favor of NCNB in the amount of $40,000.00 to evidence its indebtedness in the same amount to NCNB. To secure the payment of the note, the Debtor executed a security agreement which specifically granted NCNB a security interest in, inter alia, all the accounts, inventory, and contract rights owned by the Debtor at the date of the agreement and hereafter acquired. It appears that on April 4, 1986, Wayne Williams, the President and sole shareholder of Mar–Bel, sold the company's business assets to Carwill, Inc. (Carwill). On April 18, 1986, NCNB made a loan to Carwill in the amount of $90,000.00. It further appears that the Debtor through its President, Wayne Williams, guaranteed the repayment of the loan to Carwill by NCNB. On January 19, 1988, the Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Subsequently, NCNB filed this Motion for Adequate Protection claiming it was a secured party to the inventory, accounts receivable, merchandise, equipment, furniture and fixtures of the Debtor's, pursuant to the security agreement of February 6, 1985, and pursuant to the Debtor's guarantee of Carwill, Inc.'s obligation dated April 24, 1986. It is undisputed that both the Debtor and Carwill defaulted under the terms of their respective promissory notes. On April 20, 1988, this Court entered an Order directing the Debtor to make adequate protection payments to NCNB in the amount of $100.00 per month as to the February 6, 1985 note and set a pre-trial hearing to determine whether NCNB is entitled to adequate protection as to the $90,000.00 note made by Carwill and guaranteed by the Debtor.

At the hearing on that issue, counsel for NCNB urged this Court to compel the Debtor to make adequate protection payments with respect to the April 18, 1986, promissory note made by Carwill to NCNB and guaranteed by the Debtor. It is the contention of NCNB that the loan made to Carwill which was guaranteed by the Debtor is a future advance for which the Debtor is liable to NCNB and which, pursuant to the provisions of the existing security agreement executed by the Debtor, is secured by the Debtor's inventory, accounts receivables, etc. In opposition to the Motion for Adequate Protection, the Debtor alleged that the parties never intended that the Debtor's guarantee of Carwill's indebtedness would be secured by the collateral securing Debtor's note to NCNB.

The Security Agreement entered into between the Debtor and NCNB specifically stated in Paragraph Three:

"as security for the payment of all loans in advances now or in the future made

hereunder and for all borrower's liabilities, including any extensions, renewals, or changes in form of any thereof, borrower hereby assigns to bank and grants to bank security title to and a security interest in (a.) all accounts and inventory owned by borrower at the date of this agreement; (b.) all accounts and inventory at any time hereafter acquired by borrower; (c.) all of borrower's existing contract rights and all of borrower's contract rights which come into existence at any time hereafter; (d.) all proceeds of all such account, contract rights and inventory; (all of which may sometimes be herein referred to as the 'collateral')."

In addition, the promissory note executed by the Debtor to NCNB contains the following clause:

"To secure the payment of this note and all other indebtedness of the Obligor to Holder, however and whenever incurred or evidenced, whether primary, secondary, direct, indirect, absolute, contingent, sole, joint, or several, due or to become due, or which may be hereafter contracted or acquired, whether arising in the ordinary cause of business or otherwise (hereinafter with this note, collectively called Liabilities)."

The issue is whether or not the Security Agreement entered into between NCNB and the Debtor which was properly executed to secure the original obligation owed by the Debtor to NCNB secures the Debtor's subsequent guarantee on Carwill's indebtedness to NCNB?

Counsel for the Debtor admits, as she must, that security agreements which include future advance clauses are not per se invalid. *See* Florida Statute Section 679.9–204(4). However, in her Memorandum of Law, counsel for Debtor cites several cases which stand for the proposition that a future advance will only be secured by a prior mortgage if the parties *intended* the future advance to be secured by the mortgage. The shortcoming of the cases proffered by counsel for the Debtor is that these cases deal with future advances secured by mortgages on *real property* as opposed to *personal property* and as such

are governed by Florida Statute 697.04(1). Since the adoption of the Uniform Commercial Code by the State of Florida, future advances with reference to personal property are governed by Section 697.04(1) of the Florida Statutes. Under Florida Statute § 697.04(3), there is no requirement for the enforcement of a future advance clause that the future advance be made within the scope of the agreement or within the parties contemplation. Be that as it may, this Court is satisfied that the promissory note and the security agreement executed by the Debtor contain clear and unambiguous language and, therefore, the parties' intent must be derived from the four corners of the agreement and note. *Robert C. Roy Agency v. Sun First National Bank,* 468 So.2d 399 (Fla.App.1985). The respective clauses explicitly include every conceivable type of liability of the Debtor to the Bank. Therefore, pursuant to the security agreement, the indebtedness guaranteed by the Debtor is secured by the same collateral set forth in the original security agreement. Based on the foregoing, this Court is satisfied that the Motion for Adequate Protection Payments as to the guarantee should be set for hearing to determine the amount of adequate protection payments.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that a separate hearing shall be set for October 7, 1988, at 2:00 p.m., to determine the amount of adequate protection payments to be made by the Debtor to NCNB for its guarantee of Carwill's indebtedness to NCNB.